UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KRISTOPHER DURBIN     Plaintiff

v.     Civil Action No. 3:18-cv-00334-RGJ

C&L TILING INC D/B/A TIMEWELL     Defendant
DRAINAGE PRODUCTS AND SERVICES

\* \* \* \* \*

## **MEMORANDUM OPINION & ORDER**

This matter is here on Plaintiff, Kristopher Durbin's ("Durbin") Motion for Leave to Amend his Complaint ("Motion") [DE 60]. Defendant, C&L Tiling, Inc. ("C&L") responded [DE 74], and Durbin replied [DE 76]. This matter is ripe for ruling. For the reasons below, the Court **GRANTS** Durbin's Motion for Leave to File an Amended Complaint [DE 60]. C&L's Partial Summary Judgment [DE 54] and Motion for Judgment on the Pleadings [DE 55] are **DENIED as MOOT with leave to refile.**[1]

### **Facts**

Durbin filed a complaint (the "Complaint") against C&L, his employer, alleging violations of KRS 337, breach of contract and unjust enrichment. [DE 1-1]. After the Complaint was filed,

---

[1] C&L moves for judgment on the pleadings and partial summary judgment on the first amended complaint. Because the Court is granting Durbin leave to file the second amended complaint, which supersedes the first amended complaint, the motions are moot. *See Santiago v. Jaguar Therapeutics, LLC*, No. 17-22749-CIV, 2019 WL 4731980, at *1 (S.D. Fla. Jan. 17, 2019) ("Upon consideration of the procedural record, the Court finds that Plaintiff's filing of the Second Amended Complaint superseded the Amended Complaint and rendered moot the parties' previous pleadings stemming from the Amended Complaint, i.e., the instant Motion for Summary Judgment."). The Court notes that Magistrate Judge Lindsay's July 31, 2019 Order, stayed consideration of part of C&L's Motion for Summary Judgment. [DE 82]. To the extent C&L wishes to refile its Motion for Summary Judgment, it should file only those portions for which discovery is complete and the issues ripe for ruling.

C&L fired Durbin. On July 10, 2018, Durbin filed an amended complaint ("FAC"), which added claims, including fraud by misrepresentation, wrongful termination in violation of public policy, and punitive damages. [DE 11].

Durbin alleges that C&L employed him as an agricultural sales representative since 2010 and that beginning in April 2014 C&L began inappropriately withholding a percentage of his wage income. [DE 11 at 36–37]. Durbin claims that under his 2012 employment contract, C&L was to pay his "commission wages based off the gross margin level of the products he sold." [*Id.*]. In 2014, C&L implemented a new commission policy "under which 30% of Plaintiff's earned commission wages would be withheld by Defendant and paid back to Plaintiff after the end of the fiscal year only if Defendant's net ordinary income reached certain goals." [*Id.* at 36]. Durbin alleges that he refused to sign the 2014 contract, but C&L withheld 30% of his commissions anyway. [*Id.* at 36–37]. As it pertains to his fraud claim, Durbin argues that C&L met its audited net ordinary income goals and, whether or not he signed the 2014 contract, he should have been paid his bonus. [DE 60-1 at 1328–30]. But to avoid paying out his bonus C&L manipulated the goals after the fact, and it later represented that they were not met. [*Id.*].

C&L answered the FAC. [DE 14]. On September 11, 2018, this Court issued a scheduling order (the "Scheduling Order") setting an initial disclosures deadline of September 7, 2018 and a deadline to amend the pleadings deadline of November 7, 2018. [DE 16 at 73]. On November 7, 2018, this Court extended the deadline to submit amended pleadings to November 21, 2018. [DE 18]. The Court extended the deadline to amend two more times, the last of which was December 21, 2018. [DE 26]. Four days before the amendment deadline, C&L produced about 31,000 jpeg emails in chronologically random order. [DE 60 at 1311]. The amendment deadline passed without Durbin filing an amended complaint or seeking to extend the deadline.

On January 29, 2019, C&L produced certain documents relating to the "alleged financial goals and amounts for its 'Net Ordinary Income.'" [DE 60 at 1311–32]. Durbin alleges that this production included an "important document [which was] the basis for all claims and defense." [DE 60 at 1311]. On June 7, 2019, Durbin moved this Court to permit him to amend his complaint for a second time (the "SAC") to include additional allegation related to the fraud claim. [DE 60].

### Discussion

"Seeking leave to amend a complaint after the scheduling order's deadline implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16." *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016). Rule 15 provides that a plaintiff may amend his pleading with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). But when the deadline established by the court's scheduling order has passed, "a plaintiff first must show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend" and the court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.2003) (finding that the district court did not abuse its discretion by denying motion to amend filed after discovery and dispositive motion deadlines). As a result, the court only examines the standard factors governing amendment of complaints under Rule 15(a) if the good cause provision of Rule 16(b) is met.

**A. Good Cause Under Rule 16.**

In determining whether Durbin has shown good cause under Rule 16(b) for failure to seek leave to amend before the deadline had passed, the Court considers whether: 1) Durbin has exhibited diligence in trying to meet the scheduling order's requirements; and 2) C&L is prejudiced by amendment. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

*1. Diligence*

Durbin asserts that he has been diligent in trying to meet the scheduling order deadlines. He argues that C&L's late production of documents, to which the proposed amendments in the SAC relate, caused the delay. [DE 60 at 1311–20]. C&L does not dispute that its document production was delayed. Instead, C&L argues that the documents produced were unnecessary for Durbin to amend his FAC. [DE 74 at 1452–54]. C&L asserts that Durbin was already aware of the information added in the SAC, the 2015 numbers, based on notes he had taken at a meeting and retained after the meeting. [DE 74 at 1453]. C&L further alleges that Durbin had these notes when he filed his Complaint, and thus should have included the proposed amendments in his initial Complaint or the FAC. [DE 74 at 1453].

Durbin disputes that the notes contained the necessary information to amend the fraud allegation. He further argues that "it was only after reviewing the 31,000 non-chronological, randomly sorted pages of emails supplied three days before the amendment of pleadings deadline that Plaintiff's memory was fully refreshed regarding the exact numbers from that meeting." [DE 76 at 1489].

Durbin diligently pursued discovery by requesting discovery and seeking to compel discovery as needed. [DE 28; 31; 33]. Additionally, based on the record, it is unclear whether the information was actually available in other documents accessible to Durbin prior to the January

29, 2019 production. Thus, the Court finds that Durbin has shown good cause for modification of the scheduling order. *See Shaw v. City of Dayton, Ohio*, No. 3:13-CV-210, 2015 WL 13632429, at *3 (S.D. Ohio Dec. 18, 2015) ("Plaintiff diligently pursued discovery and promptly moved for leave to file the First Amended Complaint after discovery of the facts supporting amendment."); *Lacer v. Toyota of Bowling Green*, No. 118CV00013GNSHBB, 2018 WL 5815567, at *3 (W.D. Ky. Nov. 6, 2018) (finding good cause to amend scheduling order where plaintiff "pursued discovery with reasonable diligence, but did not learn of the factual basis which might support an additional claim [and then moved] to amend the complaint within a reasonable amount of time after acquiring the information").

2. *Prejudice*

"Prejudice is a relevant consideration in the determination of whether the Court should grant Plaintiff leave to amend his complaint, [but] '[t]o deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Tarter v. AP/AIM RiverCenter Suites, LLC*, No. CV 16-78-DLB-CJS, 2017 WL 11188366, at *3 (E.D. Ky. Mar. 22, 2017) (quoting *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008). Amendments that are "merely a clarification of the allegations pleaded in the original complaint" are unlikely to cause significant prejudice. *S.E.C. v. Somers,* No. 3:11-CV-00165-H, 2013 WL 4045295, at *4 (W.D. Ky. Aug. 8, 2013) (quoting *McNeal v. City of Hickory Valley, Tenn.*, 2002 WL 1397249, * 3 (W.D. Tenn. June 4, 2002).

Durbin's proposed amendments merely add specificity to the already pled fraud claim, such as references to specific communications with individuals. [DE 60-1 at 1327–30]. C&L was already on notice of the claim, and the additional details in the SAC will cause C&L "little if any substantial prejudice." *England v. Advance Stores Co., Inc.*, No. 1:07CV-174-R, 2009 WL

10681571, at *4 (W.D. Ky. July 7, 2009) (finding that "little if any substantial prejudice would [occur because the amendments] rest on the same factual foundation as [plaintiff's] prior claims.")

   B. **Rule 15 Factors**

Because Durbin has satisfied Federal Rule 16, the Court may next determine whether to grant leave to amend under Federal Rule 15. The Sixth Circuit has explained that Rule 15 reflects a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Ordinarily, a court should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis,* 371 U.S. 178, 182 (1962). That said, "a motion to amend may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (internal quotations marks, emphasis & citation omitted). Whether or not to allow an amended pleading under Rule 15(a) is committed to the Court's discretion. *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008).

Turning to the Rule 15 factors, as discussed above, Durbin did not unduly delay in filing the motion to amend. *See Mersen USA—Midland-MI Inc. v. Graphite Machining Servs. & Innovations*, LLC, No. 12-10961, 2012 WL 3060922, at *2 (E.D. Mich. July 26, 2012) ("Undue delay is typically found where years have passed, discovery has been substantially conducted, and dispositive motion deadlines have passed"). C&L has not established that Durbin acted in bad

faith, and there have not been repeated failures to cure deficiencies by previous amendments. The Court has found above that C&L is not unduly prejudiced.

C&L's primary argument is that Durbin's proposed amendments would be futile because his fraud claim should be dismissed. [DE 74 at 1456–58]. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Kyrkanides v. Univ. of Kentucky*, No. 5:19-CV-80-REW, 2019 WL 6135049, at *3 (E.D. Ky. Nov. 19, 2019) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)); *Riverview Health Institute LLC v. Medical Mutual of*, 601 F.3d 505, 520 (6th Cir.2010) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

Courts in Kentucky apply a heightened pleading standard under Rule 9(b) for claims sounding in fraud, and so Durbin's fraud claim must also "(1) [] specify the allegedly fraudulent statements; (2) [] identify the speaker; (3) [] plead when and where the statements were made; and (4) [] explain what made the statements fraudulent." *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012); *see also Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 406 (6th Cir. 2012) (finding that fraudulent misrepresentation claims must specify the "false statements and by whom they were made."). Thus, Durbin must allege with specificity that C&L made a "a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) (citing *Wahba v. Don Corlett Motors, Inc.*, Ky.App., 573 S.W.2d 357, 359 (1978)).

C&L argues that granting leave to file the SAC would be futile because Durbin cannot allege a false statement. [DE 1456–58]. First, C&L argues that Durbin's alleged misrepresentation is factually incorrect because the numbers in the 2015 budget, which Durbin alleges C&L

manipulated, are consistent from early 2015 to January 2019 and were never manipulated. [DE 74 at 1456]. Second, C&L argues that Durbin's claim that C&L told him he would receive a payout in 2016 is contradicted by the evidence in the record. [*Id.* at 1457]. Both arguments address issues of fact outside the pleadings, not whether the claim was sufficiently pled. In determining either a motion to dismiss or an argument based on futility, the Court must accept as true the allegations in the complaint. *Union Ins. Co. v. Delta Casket Co., Inc.*, No. 06-2090, 2009 WL 10664832, at *8 (W.D. Tenn. July 9, 2009) ("Whether the factual record will support these allegations is not an appropriate inquiry at the motion to amend stage. The Court need only determine whether Plaintiff has made allegations that could support a piercing-the-corporate-veil theory and withstand a Rule 12(b)(6) motion to dismiss."). Thus, C&L's arguments on futility are better suited for summary judgment or trial, once all of the evidence on the claim is exchanged and presented to the Court.

Accepting Durbin's allegations as true, the SAC satisfies the fraud pleading standard. Durbin alleged with specificity the elements of a fraudulent misrepresentation. First, Durbin alleges that there was a false material misrepresentation, specifically that "Defendant's statement that it did not meet [certain net ordinary income goals which would have entitled Plaintiff to a return] was false." [DE 60-1 at 1327–28, ¶ 45]. Second, Durbin alleges that C&L knew that this statement was false or recklessly made it. [DE 60-1 at 1328, ¶¶ 46–47]. Third, Durbin alleged that C&L intended for him to rely on that statement and that he did rely on that statement, which caused his injury. [DE 60-1 at 1329, ¶¶ 54–55]. As a result, the SAC pleads the essential elements of a fraud by misrepresentation and is not futile.

## Conclusion

For these reasons, **IT IS ORDERED** that Durbin's Motion for Leave to File an Amended Complaint [DE 60] is **GRANTED** and C&L's Motion for Partial Summary Judgment [DE 54] and Motion for Judgment on the Pleadings [DE 55] are **DENIED as MOOT with leave to refile**.

**IT IS FURTHER ORDERED** that within 21 days of the entry of this Order, the parties shall confer and submit a revised agreed scheduling order seeking mutually acceptable deadlines for the completion of discovery and filing of dispositive motions.